IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATHAN and CHERYL STOHEL,<br><br>                    Plaintiff,<br>v.<br><br>CALIBER HOME LOANS, INC., a foreign<br>corporation; and DOES 1-10,<br><br>                    Defendant. | **REPORT AND RECOMMENDATION TO DISMISS CASE**<br><br>Case No. 2:17-cv-496 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B).[1]

*Pro se* Plaintiffs Nathan and Cheryl Stohel, filed a Complaint against Defendant Caliber Home Loans, Inc. (Caliber) in the Third District Court, State of Utah.  Caliber removed the action to this court on the basis of diversity jurisdiction in June 2017.[2]  Pending before the court is Caliber's Motion to Dismiss.[3]

The Complaint centers on the activities involving a home loan made to Plaintiffs around 2009.[4]  Plaintiffs take issue with the transfer of this home loan characterizing it as a "common tactic designed and used by lenders and servicers to intentionally confuse borrowers and obfuscate the true rightsholder" which enables the foreclosure process.[5]  Plaintiffs "began to experience financial difficulties because of the financial crisis"[6] and claim they tried to work with Caliber to remedy their situation.  Such efforts failed and Plaintiffs bring the following

---

[1] Docket no. 12.

[2] Docket no. 2.

[3] Docket no. 16.

[4] Complaint ¶5, docket no. 3.

[5] *Id.*

[6] *Id.* ¶7.

claims: (1) Injunctive Relief based on a breach of the obligation Defendant had to engage in meaningful discussion with Plaintiffs concerning assistance; (2) Reformation of Contract on account of Defendant allegedly concealing material facts and making false representations; (3) Breach of the Implied Covenant with the contracts; (4) Promissory Estoppel; (5) Unfair Competition because of alleged inflated home values; (6) Recession of Contract; (7) Negligent Misrepresentation; and (8) Intentional Misrepresentation. Plaintiffs seek *inter alia*, punitive damages, rescission and reformation of the note.

Defendant filed an Answer to the Complaint[7] and on August 23, 2017, Magistrate Judge Furse held an Initial Pretrial Conference to set a schedule in this case.[8] Plaintiffs failed to appear at the hearing and the docket indicates notice was mailed to them at 1834 N 120 W Tooele, UT 84074.[9] This is the address on file with the court and it is listed in Plaintiffs' Complaint. Having failed to appear, Magistrate Judge Furse referred the matter to the assigned district judge for possible entry of an Order to Show Cause for failure to prosecute.

Nearly four months later Caliber filed a Motion to Dismiss arguing Plaintiffs' allegations should be dismissed with prejudice under Rule 41 for failure to prosecute. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[10] A dismissal under Rule 41(b) may operate "as an adjudication on the merits."[11]

Plaintiffs never responded to the Motion to Dismiss despite notice being delivered to their address. On January 26, 2018, the undersigned entered an Order to Show Cause directing

---

[7] Docket no. 10.

[8] Docket no. 13.

[9] Minute Entry dated August, 24, 2017, docket no. 13.

[10] Fed. R. Civ. P. 41(b) (2017)

[11] *Id.*

Plaintiffs to show cause why this matter should not be dismissed.  Plaintiffs were given 10 days from January 26th to respond.  To date Plaintiffs have not responded to the Order to Show Cause.  The court noted in the order that under the Local Rules a failure to "respond timely to a motion, … may result in the court's granting the motion without further notice."[12]  Plaintiffs were also notified that a failure to respond to the Order to Show Cause "will result in the undersigned recommending that this case be dismissed."[13]

It is clear from the record that Plaintiffs are not actively prosecuting their case.  Perhaps Plaintiffs discovered that many of the arguments they bring have already been rejected in this circuit.  For example in *Ambuehl v. Aegis Wholesale*,[14] the Tenth Circuit held that the plaintiffs failed to state a claim on which relief could be granted.  The mortgagers or plaintiffs sought rescission of their home loan agreements based on an alleged unilateral mistake.  The mortgagers claimed they did not know their loan could be administered by a third party and alleged that "they did not understand they were entering a 'new and different world of high finance' in which loans were not serviced by the lender but by loan servicing companies."[15]  The Tenth Circuit affirmed the district court's dismissal, holding that "Plaintiffs fail[ed] to allege any facts, or articulate any legal basis" on which relief could be granted.[16]

The undersigned does not *sua sponte* analyze Plaintiffs claims in this case,[17] but notes that as set forth above many of their arguments have already been rejected.  Defendants seek

---

[12] DUCivR 7-1(d) (2017).

[13] Order to Show Cause dated January 26, 2018, p. 1, docket no. 17.

[14] 555 Fed.Appx. 817 (10th Cir. 2014).

[15] *Id.* at 819; *see also John Call Eng'g, Inc. v. Manti City Corp.,* 743 P.2d 1205, 1209–10 (Utah 1987) (setting forth the elements for the equitable relief of rescission based on a unilateral mistake).

[16] *Id.*

[17] Defendants cite to *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), in their motion without offering any substantive analysis.  *Ehrenhaus* sets forth factors for a court to consider when deciding whether to dismiss a

dismissal under Rule 41(b) for a failure to prosecute.  The court finds such a dismissal is warranted based on the record in this case.

## RECOMMENDATION

For the foregoing reasons, this Court hereby RECOMMENDS that Defendants Motion to Dismiss be granted and this matter be dismissed.

DATED this 9 February 2018.

Brooke C. Wells
United States Magistrate Judge

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[18]  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[19]  Failure to object may constitute waiver of the objections upon subsequent review.

---

case.  Here Plaintiffs have failed to prosecute this case so the undersigned does not engage in a substantive analysis of the *Erenhaus* factors.

[18] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[19] *Id.*